{¶ 64} At the time of Dray's application for a building permit, the Ohio Basic Building Code provided that it had "no force and effect when applied to singe-family, two-family, and three-family houses, and accessory structures incidental to those dwelling houses."[1]
 {¶ 65} I respectfully dissent, for I believe the majority's ruling sends the wrong message to trustees, homeowners, and builders. On the one hand, the majority acknowledges that zoning regulations are not written with precision and, then, finds that very lack of precision to be a basis for ignoring them altogether. This zoning regulation, as with other legislative enactments, is the "product of a prudent legislative compromise and sound public policy."[2] It seeks to control height and area limitations on structures that are constructed within the township. The majority opinion guts the zoning regulation and, in doing so, tramples on the public policy behind the regulation.
 {¶ 66} There is no question that this structure violates the zoning plan for Howland Township. It is a two-story, twenty-one-foot-high building with thirteen hundred square feet of useable space. In short, this garage is the size of an average house.
 {¶ 67} The trial court properly found that the underlying basis for zoning is to enforce conformity to a general plan that has been put into place by the trustees. This supersized garage does not do that. The trial court interpreted "height" to mean the distance from the ground to the rooftop, and opined that the term "area" was referring to the useable square footage inside the building. In addition to being correct, its decision made sense.
 {¶ 68} I remain unconvinced that the Ohio General Assembly intended to divest township trustees of their authority to regulate the construction of structures within their jurisdictions when it authorized the board of building standards to promulgate the Ohio Basic Building Code. The trustees were right; and the trial court was legally, logically, and intellectually correct when it put a stop to this nonsense. The order should be affirmed.
[1] See former version of R.C. 3781.06(A)(1). (Effective May 27, 2005, R.C. 3781.06 now applies to dwelling houses and their accompanying accessory structures. See current version of R.C.3781.06(A)(1), (B)(2), (C)(9), and (C)(11).)
[2] State v. Anderson (1991), 57 Ohio St.3d 168, 174.